**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHANTEL PARRIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3663** |
| **CORONER GERALD CVITANOVICH, ET AL.** | **SECTION "O"** |

**ORDER & REASONS**

Before the Court are two motions, each from a different group of defendants. Because the motions are similar in scope, substance, and requested relief, the Court resolves them together. One is a motion[1] by Defendants Jefferson Parish District Attorney Paul Connick and Jefferson Parish Assistant District Attorney Kellie Rish (collectively, the "JPDA Defendants") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, seeking certification and entry of final judgment on the Court's dismissal of Plaintiff Shantel Parria's claims against the JPDA Defendants. The other is a motion[2] by Defendants Coroner Gerald Cvitanovich, Forensic Pathologist Dana Troxclair, and Investigator Julia Powers (collectively, the "JPCO Defendants"), seeking the same relief for the JPCO Defendants. The Court previously dismissed Parria's claims against both groups of defendants with prejudice under Rule 12(b)(6).[3] In the instant motions, the defendants argue that failure to certify their dismissals for immediate appeal would pose a burden on them, because they would be required to wait and monitor Parria's claims against their codefendants from the Jefferson

---

[1] ECF No. 104.
[2] ECF No. 112.
[3] ECF Nos. 101 (JPDA), 102 (JPCO).

Parish Sheriff's Office ("JPSO") before this litigation is resolved. They further contend that, by denying immediate appeal, the Court risks retrying Parria's claims if the Court's dismissals are overturned. Parria opposes the motions,[4] and the defendants replied.[5] For the following reasons, the Court **DENIES** the motions.

## I. BACKGROUND

Parria commenced this action under 42 U.S.C. § 1983 and Louisiana law against 11 named defendants and six unknown defendants, alleging they were complicit in a scheme to wrongfully accuse, arrest, detain, and prosecute her, over a four-year period, for her husband's murder.[6] Parria's complaint named individual defendants from the JPDA, the JPCO, and the JPSO.[7] The Court granted Rule 12(b)(6) dismissal with prejudice as to Parria's claims against the JPDA Defendants[8] and the JPCO Defendants;[9] claims remain against the JPSO Defendants.[10] Trial is set for September 20, 2027, on the claims against the JPSO Defendants.[11]

## II. STANDARD OF LAW

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). This

---

[4] ECF Nos. 118 (JPDA), 117 (JPCO).
[5] ECF Nos. 119 (JPDA), 121 (JPCO).
[6] ECF No. 1. In prior orders, the Court outlined the facts alleged in the complaint. *See* ECF No. 101 at 2–18; ECF No. 102 at 2–15; ECF No. 103 at 1–10.
[7] ECF No. 1
[8] ECF No. 101.
[9] ECF No. 102.
[10] ECF Nos. 1, 103.
[11] ECF No. 154.

rule "is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding." *Akeem v. Dasmen Residential, LLC,* No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (Ashe, J.). In order to properly certify a Rule 54(b) final judgment, two prerequisites must be met.

First, the court must have fully disposed of "one or more . . . claims or parties." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (quoting FED. R. CIV. P. 54(b)). When a district court dismisses with prejudice all claims against a defendant, that defendant is no longer a party to the litigation and thus meets the first requirement of Rule 54(b). *Id.* This requirement is jurisdictional. *Id.*

Second, the court must determine that there is no just reason for delay. *Eldredge*, 207 F.3d at 740, n.2; *Akeem*, 2021 WL 4806913, at *1. "Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid 'hardship or injustice through delay,' and 'should not be entered routinely as a courtesy to counsel.'" *Krutz v. Huntington Ingalls Inc.,* No. 20-1722, 2021 WL 5893980, at *1 (E.D. La. June 30, 2021) (Vance, J.) (quoting *PYCA Indus. v. Harrison Cnty. Waste Water Mgmt. Dist.,* 81 F.3d 1412, 1421 (5th Cir. 1996)). In considering a Rule 54(b) motion, the district court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.,* 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511 (1950)) (internal quotations omitted). Because a district court must "take into account

judicial administrative interests" to "preserve the historic federal policy against piecemeal appeals," Rule 54(b) motions are rarely granted. *Akeem*, 2021 WL 4806913, at *1 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)) (cleaned up).

## III. ANALYSIS

Here, the first prerequisite is met: the Court's Orders[12] granting Rule 12(b)(6) dismissal of the JPDA and JPCO defendants disposed entirely of these defendants as parties in the litigation.[13] But the second prerequisite is not met. The dismissed defendants have not adequately shown that an immediate appeal avoids dangers of hardship or injustice, nor have they shown that any hardship they face outweighs judicial administrative interests in avoiding piecemeal appeals.

### 1. The dismissed defendants have not proven sufficient hardship or injustice warranting Rule 54(b) certification.

The dismissed defendants complain of the burden they would endure if required to wait and monitor the trial of Parria's claims against the JPSO Defendants, and then further await Parria's decision whether to appeal the Court's 12(b)(6) decisions.[14] But the defendants' burden of monitoring this litigation, as non-participating outsiders, does not present the type of hardship or injustice that would justify operation of Rule 54(b). If "wait[ing] until the end of litigation and monitor[ing] the docket to see if an appeal is eventually taken" was "reason enough to grant

[12] ECF Nos. 101, 102.

[13] Parria concedes this point. *See* ECF Nos. 118 at 4, 117 at 4 ("Even though finality may exist as to the [dismissed defendants], that is not the end of the inquiry.").

[14] ECF Nos. 104-1 at 7, 112-3 at 4–5.

certification, then practically every case involving a dismissed party would be considered a final, appealable judgment." *Rivet v. Huntington Ingalls Inc.*, No. CV 22-2584, 2023 WL 2330034, at *2 (E.D. La. Mar. 2, 2023) (Barbier, J.). *See also Akeem*, 2021 WL 4806913, at *2; *Menard v. LLOG Expl. Co., LLC*, No. CV 16-498, 2017 WL 1426968, at *2 (E.D. La. Apr. 21, 2017) (Vance, J.) (finding that a significant delay in resolving the ultimate dismissal of a party is a "hardship present in every case in which claims are dismissed against some defendants but not others," but does not constitute the "infrequent hard case that Rule 54(b) was designed to address") (cleaned up). Such courtesy is not extended as a matter of routine to dismissed parties or dismissed claims. *See PYCA Indus.*, 81 F.3d at 1421. Moreover, if the Court were to grant Rule 54(b) relief, Parria would be forced to litigate on two fronts simultaneously, potentially diverting focus from preparing for the September 2027 trial.[15] The relative inconvenience to the JPDA Defendants and JPCO Defendants in having to monitor these proceedings does not constitute a hardship warranting entry of final judgment under Rule 54(b).

**2. The risk of piecemeal appeal outweighs the danger of delaying appeal under Rule 54(b).**

The dismissed defendants also advance an efficiency argument: that the Court risks retrying Parria's claims if trial is allowed to proceed against the JPSO Defendants before the Fifth Circuit has reviewed the Rule 12(b)(6) dismissals.[16] But

[15] Parria also points out that the decision whether to appeal the dismissal of JPDA and JPCO is hers, and that if she were to prevail at trial against the JPSO Defendants, she may elect not to appeal the JPDA and JPCO dismissals. ECF Nos. 117 at 9; 118 at 7. Forcing her to take up immediate appeal before trial against the JPSO may thus lead to an unnecessary review by the Fifth Circuit.

[16] ECF Nos. 104-1 at 8, 112-3 at 4.

the defendants have it backwards—judicial efficiency favors deferral of final judgment on the dismissed claims. At issue in this case is a complaint spanning 907 paragraphs over 147 pages, reaching 17 named and unknown defendants from three government agencies, with intertwined facts and overlapping theories of constitutional and state law liability.[17] Compelling Parria to appeal this case to the Fifth Circuit now would be uneconomical when the Fifth Circuit, in theory, will be required to rereview the same facts and allegations at the trial's conclusion.[18] *See MWK Recruiting, Inc. v. Jowers*, 2020 WL 7229977, at *12 (W.D. Tex. Dec. 8, 2020) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2659 (3d ed. 1998)) (alteration omitted). The Court is mindful of the need to spare the court of appeals from having to relearn the facts of a case on successive appeals. *See generally Eldredge*, 207 F.3d at 741 (5th Cir. 2000) (discussing, without adopting, the "factual approach" to evaluating whether a party presents distinct claims for purposes of Rule 54(b) analysis) (quoting *Jack Walters & Sons v. Morton Bldg.*, 737 F.2d 698, 702 (7th Cir. 1984)). Here, Parria's claims against all three groups of defendants arise from the same nucleus of facts and theories, so much so that granting Rule 54(b) certification risks judicial *in*efficiency by requiring

[17] ECF No. 1.

[18] The JPDA Defendants acknowledge that Parria's claims against the JPDA and JPSO defendants are intertwined. ECF No. 104-1 at 9–10. Parria agrees. ECF No. 118 at 5. The JPCO Defendants, by contrast, argue that Parria's respective claims against the JPCO Defendants and the JPSO Defendants are discrete and do not overlap, which eliminates the risk that the Fifth Circuit would have to decide the same issues more than once. ECF No. 112-3 at 3–4. In response, Parria points out that an appeal of the JPCO dismissal would involve review of many of the same facts and legal questions that are likely to arise in the JPSO trial—including allegations that the JPCO and JPSO Defendants confederated to conceal exculpatory evidence and fabricate findings to falsely implicate Parria. The Court agrees with Parria: the JPCO Defendants have not shown that the questions on appeal can be so easily disentangled from the trial questions as to warrant Rule 54(b) certification.

the Fifth Circuit to review the same facts in a subsequent appeal. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (finding it proper for district courts to consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"). In circumstances like this, when there is considerable overlap between the decided and retained claims, caution favors deferral of final judgment until the matter is concluded.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the JPDA Defendants' Rule 54(b) motion[19] for certification and entry of final judgment and the JPCO Defendants' motion[20] for Rule 54(b) certification are **DENIED.**

New Orleans, Louisiana, this 28th day of August, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[19] ECF No. 104.
[20] ECF No. 112.