**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHANTEL PARRIA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 2:23-cv-3663** |
| **CORONER GERALD CVITANOVICH, ET AL** | **SECTION: "O" (4)** |

**ORDER AND REASONS**

Before the Court is a **Motion to Quash. R. Doc. 133.** The motion is opposed. R. Doc. 138. A Reply Memorandum was also filed. R. Doc. 139. The matter was heard by oral argument on May 13, 2026. Following instructions of this Court, a Supplemental Memorandum in Opposition was filed. R. Doc. 143. A Reply to the Supplemental Memorandum was also filed. R. Doc. 152.

## I. Introduction

### A. Factual Summary

The underlying civil action arises from Troy Smith ("Decedent Smith"), a former law enforcement officer and staff instructor for the Jefferson Parish Sheriff's Office, who committed suicide on June 17, 2018, and later died. R. Doc. 1 at 1. Decedent Smith's wife, Shantel Parria, was arrested for second-degree murder. *Id.* at 75. On August 18, 2023, Plaintiff Shantel Parria ("Plaintiff" or "Parria") filed this civil action against various named Defendants, including officers and detectives of the Jefferson Parish Sheriff's Office ("JPSO"), employees of the Jefferson Parish Coroner's Office ("JPCO"), and attorneys from the Jefferson Parish District Attorney's Office ("JPDAO"), including District Attorney Paul Connick ("DA Connick" or "Defendant Connick") and Assistant District Attorney Kellie Rish ("ADA Rish" or "Defendant Rish"). *Id.* at 5-10.

Parria claims violations of Title 42 U.S.C. § 1983 for deprivation of liberty without due process of law, unlawful search and seizure and detention without probable cause, manufacturing false evidence, malicious prosecution, failure to intervene, and conspiracy. *Id.* at 124-136. Parria also raises state law claims of malicious prosecution, wrongful imprisonment, negligence, intentional infliction of emotional distress, vicarious liability, and violation of the Louisiana State Constitution. *Id.* at 142-47. Relevant to the subject motion, Parria alleges that the "Defendants willfully misled [a] grand jury to obtain an indictment of [her] on one count of second-degree murder." R. Doc. 1 at 3.

Previously, on February 19, 2025, Parria served two (2) subpoena duces tecum on Defendant, DA Paul Connick, seeking the transcript of the November 18, 2018, grand jury proceedings that resulted in her indictment for the second-degree murder of Troy Smith. R. Doc. 133-1 at 3. In response to that subpoena, Connick filed a Motion to Quash on March 3, 2025, and on July 18, 2025, the Court granted Connick's Motion to Quash and stayed all discovery in this matter until the District Judge ruled on the pending motions raising the defense of qualified immunity. R. Doc. 100 at 9.

All the Defendants in this matter have at some point asserted the defense of qualified immunity. In October of 2023, the JPDAO and JPCO Defendants each filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim because they claimed absolute and qualified immunity. R. Doc. 24; R. Doc. 29. On September 26, 2025, the Court issued an Order and Reasons granting the JPDA's 12(b)(6) motion to dismiss and dismissing with prejudice all of Parria's claims against the JPDA Defendants. R. Doc. 101. The Court also granted the JPCO's motion to dismiss Parria's claims with prejudice. R. Doc. 102. The JPDA Defendants remain third parties to this action.

On November 20, 2023, the JPSO Defendants filed a Motion to Dismiss or alternatively for Partial Summary Judgment. R. Doc. 51. The JPSO Defendants did not raise the defense of qualified immunity in their motion to dismiss, and the motion was denied. R. Doc. 103. The JPSO Defendants did raise the qualified immunity defense in opposition to Parria's Motion for Partial Summary Judgment, but it was not ruled on in the Court's Order and Reasons denying Parria's motion. R. Doc. 68; R. Doc. 74; R. Doc. 155.

B. **Subject Motion to Quash**

The subject motion was filed by DA Paul Connick and ADA Kellie Rish, pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure.

On April 17, 2026, Parria served a subpoena duces tecum on DA Connick seeking the transcript of the November 8, 2018, grand jury proceedings that resulted in her indictment for the second-degree murder of Troy Smith. R. Doc. 133-2; R. Doc. 133-2. In response to this subpoena, DA Connick filed the instant Motion to Quash. R. Doc. 133.

DA Connick first argued that because the qualified immunity defense raised by the JPSO Defendants has not been decided, all discovery is stayed pursuant to the Court's July 18, 2025 Order, and his motion should therefore be granted. R. Doc. 133-1 at 5. Second, DA Connick argued that Parria does not demonstrate a "particularized need" for the grand jury transcripts that is greater than the need for secrecy. Third, DA Connick argued that some or all the grand jury testimony sought by Parria is available from other sources, namely preliminary examinations and deposition testimonies. Finally, DA Connick argued that "comity" prescribes that the 24th Judicial District Court first decide the issue of the continuing need for secrecy of the grand jury proceedings before the Court may order release.

On May 5, 2026, Parria filed a Memorandum in Opposition to DA Connick's Motion to Quash. R. Doc. 138. Parria argued that discovery is not stayed, as evidenced by the Court's April 2, 2026 Order compelling Parria to supplement her discovery responses to the JPSO. *Id.* at 1. Parria argued that she has a "compelling necessity" for the information sought because there is no other way for her to obtain it. *Id.* Parria contended that the information in the grand jury transcripts is placed directly at issue by the JPSO Defendants' reliance on the independent intermediary doctrine, which relies on the grand jury proceedings and therefore makes the contents of those proceedings central to the claims and defenses in this case. *Id.* Parria argued that JPSO should not be permitted to rely on the grand jury proceedings to support its defense while simultaneously withholding such materials. *Id.* at 1-2. Further, Parria presented Fifth Circuit case law establishing that under Texas state law, a party is not required to pursue state-court relief before seeking discovery of grand jury transcripts in federal court. *Id.* at 12. And finally, Parria requested that in the alternative, the Court should order production of the grand jury transcripts for in camera review to determine whether any continued interest in secrecy justifies withholding them.

On May 7, 2026, DA Connick filed a Reply to Parria's Memorandum in Opposition. R. Doc. 139. DA Connick reiterated his arguments from his Memorandum in Support of his Motion to Quash. Similar to Parria in her Opposition, DA Connick requested that if the Court denies the DA Connick's Motion to Quash, it should order an in-camera review before any disclosure to Parria, and that any disclosed grand jury transcripts should be produced subject to a protective order. *Id.* at 5.

At oral argument on May 13, 2026, the parties both presented arguments. DA Connick's counsel based his argument on this Court's ruling on the previous subpoena duces tecum issued by Plaintiff upon Defendants, arguing that similar relief should be granted. However, the Court

reminded DA Connick's counsel that since the JPDAO's motion to dismiss Parria's claims against him was granted with prejudice, DA Connick is no longer a particular party to this suit. Further, the Court clarified that the basis of its previous July 18, 2026 Order staying discovery was the pending issue of DA Connick's qualified immunity. Because the Court determined on September 26, 2025 that DA Connick is qualifiedly immune, DA Connick is now only a third-party subject to a subpoena, which does not raise any issue barring discovery at this time.

In response to Parria's counsel's argument that Parria should be granted disclosure of the entire grand jury transcript, the Court countered that Parria's request was too broad to demonstrate a "particularized need." R. Doc. 142. The Court clarified that such a broad request would not be granted, and that Parria must point to specific things she believes are contained in the grand jury transcript. *Id.* The Court further instructed Parria to submit a supplemental memorandum clarifying exactly what portions of the grand jury proceedings she believes are necessary to evaluate the JPSO Defendants' assertion of the independent intermediary doctrine. *Id.*

On May 26, 2026, Parria submitted her Supplemental Memorandum in Opposition to Defendants' Motion to Quash. R. Doc. 143. Plaintiff argues that her need for the grand jury transcripts is "substantial" because the JPSO Defendants "expressly invoke both the preliminary examination and the grand jury indictment as independent intermediary determinations insulating them from liability." *Id.* at 2. Plaintiff contends that because the independent intermediary doctrine only applies where "all of the facts are presented to the grand jury," the doctrine's applicability "turns on what information was actually presented to the alleged intermediary." *Id.* (citing *Winfrey v. Rogers*, 901 F.3d 483, 497 (5th Cir. 2018)). Further, Plaintiff argues that the need for continued grand jury secrecy is diminished due to time passed and because the information would not be publicly disclosed. *Id.* at 3.

Plaintiff claims to have narrowed her requests to the extent possible. *Id.* Plaintiff requests testimony and portions of materials necessary to evaluate the JPSO Defendants' assertion of the independent intermediary doctrine (*i.e.*, "what information was presented to the grand jury and whether material information was omitted."), including evidence supporting probable cause, investigative findings, forensic conclusions, bullet trajectory evidence, pathological findings, Plaintiff's alleged criminal conduct, alleged confessions or statements made by Plaintiff and the reliability thereof, evidence concerning the manner of Troy Smith's death (*i.e.*, suicide vs. homicide), and exhibits and documentary materials. *Id.* at 3, 4, 5, 6-7. Additionally, Plaintiff requests testimony, exhibits, and documentary materials concerning allegedly omitted evidence identified in Plaintiff's *Franks* allegations, including evidence that Troy Smith was suicidal (*i.e.*, social media posts, text communications, evidence of intoxication, active shooter training and hand-to-hand combat training, the layout of the alleged crime scene, existence of an exit wound, etc.). *Id.* at 8-9.

On June 8, 2026, Defendants DA Connick and ADA Rish submitted their Reply to Plaintiff's Supplemental Memorandum. R. Doc. 152. Defendants purport that Plaintiff has broadened the scope of her request for grand jury materials beyond her original subpoena duces tecum. *Id.* at 5. Defendants also reiterate previously made arguments that Plaintiff has not demonstrated a particularized need and that the need for grand jury secrecy continues. *Id.* at 3, 4.

Connick and Rish request that this Court issue an order quashing the subpoena for the production of documents, information or objects (subpoena duces tecum) that Plaintiff served on Defendant Connick on April 17, 2026, and staying the issuance of subpoenas and discovery directed to both Defendants Connick and Rish.

## II. **Standard of Review**

The Louisiana Constitution Article V, Section 34, states that the secrecy of grand jury proceedings shall be provided by law. La. Const. Ann. art. V, § 34. Further, Article 434(A) of the Louisiana Code of Criminal Procedure requires "[m]embers of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings" to "keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury." LA. CODE CRIM. PROC. ANN. art. 434(A).

"It is a long established policy that the secrecy of grand jury proceedings should be carefully maintained." *State v. Trosclair*, 443 So.2d 1098, 1102 (La. 1983). However, there are circumstances where justice may demand release of portions of such proceedings. *Id.* (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219-20 (1979)).

In determining whether to permit discovery of grand jury transcripts, the Supreme Court of Louisiana has adopted the approach used by the federal courts. *In re Grand Jury*, 737 So.2d 1, 5 (La. 1999). This includes the United States Supreme Court's conclusion in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 226, that "in general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities." However, this does not mean that the court which presided over the grand jury proceedings should make the final determination. *Id.*

Federal courts have the discretion to order release of state grand jury materials upon a showing of compelling necessity for the materials. *See Thibodeaux v. Normand*, No. 13-5903, 2016 WL 7033674, at *6-7 (E.D. La. Dec. 1, 2016). However, comity dictates that federal courts should defer action on disclosure requests for state grand jury materials until the presiding state

court has considered the request and ruled on the continuing need for secrecy. *In re Grand Jury*, 737 So.2d at 9-10 (quoting *Socialist Workers Party v. Grubisic*, 619 F.2d 641 (7th Cir. 1980)); *see also Douglas Oil Co.*, 441 U.S. at 225-26. Thus, requests for disclosure of state grand jury materials by government officials and private litigants should first be directed to the state court which presided over the criminal proceedings for an evaluation of the continued need for secrecy. *In re Grand Jury*, 737 So.2d at 10.

## III. <u>Analysis</u>

Defendants DA Connick and ADA Rish seek to quash Plaintiff's April 17, 2026, subpoena duces tecum in part because Plaintiff failed to first seek release of the grand jury materials from the 24th Judicial District Court, the court which presided over the criminal proceedings for which Plaintiff was later acquitted. R. Doc. 133-1 at 9. Defendants rely on *In re Grand Jury*, 737 So. 2d 1, 10 (La. 1999), which stands for the principle that a party seeking release of state grand jury materials should, according to comity, first direct their request to the state court which supervised the criminal proceedings so that court may evaluate the continuing need for secrecy.

Plaintiff argues that comity does not require her to first seek disclosure of the state grand jury materials from the 24th Judicial District Court. R. Doc. 138 at 11. Plaintiff further argues that this approach is "inconsistent with controlling federal law," relying on *In re Babin*, 2022 WL 1658701 (5th Cir. 2022).

The facts of the present case are comparable to those discussed in *In re Grand Jury*, 737 So.2d 1 (La. 1999), where the Supreme Court of Louisiana held that absent a federal grand jury subpoena, state grand jury materials would not be released to federal authorities without a particularized showing of compelling need at a contradictory hearing. *Id.* at 10. There, a United

States Attorney requested state grand jury transcripts from a Baton Rouge Parish District Attorney, who wrote up a motion and order for their release. *Id.* at 4. The 19th Judicial District Court entered the order without further inquiry. *Id.* at 4. The subjects of the state grand jury proceedings requested a fact-finding inquiry, which was denied. *Id.* The Supreme Court of Louisiana reasoned that release of the transcripts was not appropriate because comity prescribes that requests for the release of state grand jury proceedings made by government attorneys and private litigants alike must first be directed to the court which presided over the grand jury proceedings for an evaluation of the continuing need for secrecy. *Id.* at 10.

In the present case, like the government attorney in *In re Grand Jury*, the Plaintiff erred in directing her request for the release of the grand jury transcripts to D.A. Connick. The principles of comity prescribe that Plaintiff should first direct her request to the court which presided over the disputed grand jury proceedings, the 24th Judicial District Court, for an evaluation of the continued need for secrecy. Should the 24th Judicial District deny release, only then should this Court consider the issue.

Finally, Plaintiff's reliance on *In re Babin*, 2022 WL 1658701 (5th Cir. 2022), to attempt to refute this conclusion is misplaced. In *In re Babin*, the U.S. Court of Appeals for the Fifth Circuit upheld the release of Texas state grand jury transcripts despite the state court which presided over the grand jury proceedings not having evaluated the continuing need for secrecy. *Id.* at *6.

In *In re Babin,* a video-streaming company sued a state district attorney in federal court and sought emergency discovery into state grand jury proceedings to respond to the district attorney's motion for summary judgment. *Id.* at *1. The district court approved release of the transcripts, but the district attorney appealed in part on the argument that the Texas Code of

Criminal Procedure requires release to first be sought from the state court which presided over the grand jury proceedings. *Id.* at *4 (citing TEX. CODE CRIM. PROC. art. 20A.205(a)-(b)).

"The district court concluded that there was ambiguity in the statutory language concerning where the petition was to be filed." *Id.* at *5. The Fifth Circuit affirmed because it reasoned that the video-streaming company demonstrated a particularized need for the transcripts but did not further analyze the breadth of the Texas statute. *Id.*

*In re Babin* is distinguishable from the present case because it relies on the district court and the Fifth Circuit's deference to Texas law. The Texas Code of Criminal Procedure article cited states that "[t]he defendant may petition a court to order the disclosure of information made secret by Article . . . 20A.204 . . . as a matter preliminary to or in connection with a judicial proceeding. The court may order disclosure of the information if the defendant shows a particularized need." TEX. CODE CRIM. PROC. art. 20A.205(a). Further, such a petition "must be filed in the district court in which the case is pending." *Id.* at (b). This language allowed the district court and the Fifth Circuit to approve and affirm the release of Texas grand jury materials without any action from the Texas court which presided over the proceedings.

Conversely, Louisiana has no equivalent statute indicating "where" a petition for the release of state grand jury proceedings must be filed. *See* LA. CODE CRIM. PROC. ANN. art. 434.1 (establishing the exceptions to grand jury secrecy, but not where such request must first be directed). Instead, Louisiana case law-- *In re Grand Jury*—requires that absent a grand jury subpoena, any request for state grand jury materials must first be directed to the court which presided over such proceedings. 737 So.2d at 10. Following the principles of comity, this Court declines to grant release of the subject state grand jury materials before the 24th Judicial District Court has had the opportunity to evaluate the continuing need for secrecy.

## IV. Conclusion

**IT IS ORDERED** that the Defendants' **Motion to Quash (R. Doc. 133)** is **GRANTED** as premature.

New Orleans, Louisiana, this 21st day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**