**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHANTEL PARRIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3663** |
| **GERALD CVITANOVICH, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court is a motion[1] for summary judgment filed by Defendants/Counterclaim-Plaintiffs Certain Underwriters at Lloyd's, London subscribing to Health Care Organization Professional and General Liability Insurance Policy No. AH100557 ("Underwriters"), incorrectly identified in the Complaint as ABC Insurance Company. Plaintiff Shantel Parria opposes[2] the motion but concedes the threshold argument advanced by Underwriters—that is, as a matter of law, Plaintiff presently cannot maintain a direct action against Underwriters given the Court's dismissal of Parria's claims against Underwriters' insureds, the Jefferson Parish Coroner's Office ("JPCO") Defendants, Gerald Cvitanovich, Dana Troxclair, and Julia Powers. Parria requests that the Court limit its summary-judgment ruling to that particular ground and decline to reach Underwriters' alternative arguments concerning coverage and Rule 54(b) certification. No reply was filed. Because no direct action against Underwriters may proceed given that Parria's claims against the

---

[1] ECF No. 123.
[2] ECF No. 126.

JPCO Defendants have been dismissed, Underwriters' motion for summary judgment is **GRANTED** but the request for Rule 54(b) certification is **DENIED**.

## I. BACKGROUND

This case arises out of the alleged wrongful arrest, detention, prosecution, and ultimate acquittal of a wife for her husband's murder.

Shantel Parria was arrested, detained, and tried for the second-degree murder of her husband, Jefferson Parish Sheriff's Office ("JPSO") Sergeant Troy Smith, who died one week after sustaining a gunshot wound to the head. Years after the death investigation conducted by JPSO and Jefferson Parish Coroner's Office ("JPCO"), a jury acquitted Parria of second-degree murder. This civil rights lawsuit followed against certain police officers, coroner's office officials, and the prosecutors involved in the death investigation and Parria's prosecution.[3]

In addition to naming as defendants Jefferson Parish Coroner Gerald Cvitanovich as well as two other JPCO defendants, Dana Troxclair and Julia Powers, Parria named as a direct defendant JPCO's insurer, Underwriters (incorrectly named in the complaint as "ABC Insurance Company"). Underwriters promptly filed an Answer to Parria's complaint in which Underwriters denied coverage; with its Answer, Underwriters filed a Counterclaim seeking a declaratory relief against Parria, and Crossclaims seeking declaratory relief against the JPCO Defendants.[4]

[3] Parria filed her verified complaint on August 18, 2023. ECF No. 1, 1-1.
[4] ECF No. 5.

After Underwriters denied coverage, the JPCO Defendants agreed that the policy does not provide coverage for Plaintiff's claims, so Underwriters and the JPCO Defendants jointly requested entry of a consent judgment under Rule 54(b), fully resolving all issues (Underwriters' cross-claim) between the two parties.[5] Notwithstanding Plaintiff's opposition,[6] the Court granted the Underwriters and JPCO Defendants' joint motion and entered a Rule 54(b) judgment, declaring that Underwriters owe no duties to the JPCO Defendants under the policy; the judgment was limited to Underwriters' crossclaims against the JPCO Defendants and thus did not resolve Parria's direct-action claim nor Underwriters' counterclaim against Parria.[7]

The prosecutor (Jefferson Parish District Attorney's Office, or "JPDA") and coroner (JPCO) defendants moved to dismiss Parria's claims against them; the Court granted the motions so Parria's claims against the JPDA and JPCO Defendants have been dismissed.[8] The Court denied the JPDA and JPCO defendants' Rule 54(b) motions seeking certification and entry of final judgment on the Court's dismissal of Parria's claims against them.[9] Parria's claims against the Jefferson Parish Sheriff's Office defendants remain pending.[10]

---

[5] ECF No. 62.
[6] ECF No. 64.
[7] ECF No. 99
[8] *See* ECF Nos. 101, 102.
[9] ECF No. 156.
[10] A motion to dismiss or for summary judgment by the JPSO Defendants was denied. ECF No. 103.

Underwriters now move for summary judgment in their favor on their counterclaim and additionally request that the Court enter a Rule 54(b) judgment dismissing Parria's direct-action claim against Underwriters with prejudice. Parria concedes that her direct-action claim must be dismissed because it is derivative of her dismissed claims against the JPCO defendants, but she urges the Court to limit its ruling in that regard.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

## III. LAW AND ANALYSIS

### A. The Louisiana Direct-Action Statute Merely Confers a Procedural Right of Action.

Louisiana's Direct-Action Statute, La.R.S. 22:1269, "grants a procedural right of action against an insurer where an injured party has a substantive cause of action

against the insured and other statutorily-specified conditions are met." *Marriner v. Talos Petroleum, LLC*, 576 F. Supp. 3d 412, (E.D. La. 2021) (Fallon, J.) (citing *Soileau v. Smith True Value and Rental*, 2012-1711 (La. 6/28/13), 144 So. 3d 771, 775). However, the Statute "does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Stire v. Watson*, No. 12-2982, 2013 WL 3944423, at *6 (E.D. La. July 30, 2013) (Vance, J.) (quoting *New England Ins. Co. v. Barnett,* 465 F. App'x 302, 309 (5th Cir. 2012)). Simply put, in the direct-action context, when the insured is dismissed from the lawsuit, the insurer likely must be dismissed because there is no underlying liability to support the direct action. *See, e.g., Stire*, 2013 WL 3944423, at *6.

**B. Parria Has No Substantive Cause of Action Against the JPCO Defendants' Insurer.**

Underwriters' liability to Parria under the insurance policy (if any) here is thus derived from any viable claims Plaintiff has against the JPCO Defendants. That is, Parria's procedural right of action against Underwriters exists only insofar as a substantive cause of action is maintained against its insureds, the JPCO Defendants. But Parria's substantive claims against the JPCO Defendants have been dismissed.[11] Accordingly, because Underwriters' liability is coextensive with the JPCO Defendants', Parria's claims against Underwriters likewise must be dismissed. Indeed, Underwriters and Parria agree that this is the correct disposition—judgment

[11] ECF No. 102.

as a matter of law in Underwriters' favor on Parria's direct-action claim—given the Order and Reasons dismissing Parria's claims against Underwriters' insureds, JPCO Defendants. *See* ECF Nos. 123 and 126.

* * *

Underwriters and Plaintiff agree that it is unnecessary to reach Underwriters' additional arguments in favor of dismissing Parria's claims against Underwriters. *See* ECF No. 123-1 at 3, 8 (framing the no-coverage ground in the alternative to the no-direct-action ground and observing that "the Court need not reach any of the following Policy arguments, [which] supply an additional basis for granting summary judgment to Underwriters"); *see also* ECF No. 126 at 4-5. Accordingly, the Court declines to reach Underwriters' no-coverage arguments.[12]

Because the Court need not resolve Underwriters' coverage arguments and for the same reasons assigned in denying JPCO Defendants' request for Rule 54(b) certification of the Court's Order and Reasons[13] dismissing Parria's claims, the Court likewise denies Underwriters' ancillary request that the Court certify as final under Rule 54(b) this order granting summary judgment in Underwriters' favor. Underwriters fail to brief the Rule 54(b) standard and fail to advance any argument indicating entitlement to the disfavored relief provided by Rule 54(b). Accordingly,

---

[12] As a technical matter of procedure, the Court observes that—in declining to reach the coverage ground for dismissal—the Court likewise declines to resolve Underwriters' counterclaim, which Underwriters address only in conclusory fashion in their motion and request for Rule 54(b) certification. *See* ECF Nos. 123 at 1, 123-1 at 13.

[13] ECF No. 156.

the Court denies the request and incorporates its previously-assigned reasons for doing so.[14]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Underwriters' motion[15] is **GRANTED IN PART** (insofar as Underwriters are entitled to summary judgment dismissing Parria's claim asserted against Underwriters under the Direct Action Statute) and **DENIED IN PART** (insofar as Underwriters request Rule 54(b) certification).

**IT IS FURTHER ORDERED** that Parria's direct-action claim against Underwriters is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 25th day of September, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[14] *See id.*
[15] ECF No. 123.